UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SAMI ATWA                                                                                   08Cv. 3732

A76-184-732
                           Plaintiff,

    - against -                                                                       COMPLAINT

**ANDREA QUARANTILLO,**                                              Judge Sullivan
**New York District Director of the United**
**States Citizenship and Immigration Services,**

                           Defendant.
------------------------------------------------------------X

      Plaintiff, Mr. Sami Atwa (hereinafter "Plaintiff" or "Mr. Atwa") by his attorneys, BRETZ & COVEN, LLP, hereby alleges, upon information and belief, as follows:

## I.    INTRODUCTION

    1.    This is a civil action brought by the Plaintiff to compel the Defendant and those acting under her to take action on the Plaintiff's Application for Naturalization (Form N-400) that was filed with the United States Citizenship and Immigration Services ("USCIS") and on which Defendant and those acting under her have failed to take timely action. Plaintiff's N-400 application has been pending since May 27, 2003. He was interviewed on his N-400 application on April 20, 2004. The Defendant and those acting under her have failed to take timely action on adjudicating the naturalization application, as it has been more than 120 days since Mr. Atwa's interview, and a decision has not been rendered on the application.

## II. JURISDICTION

2. This Court has jurisdiction pursuant to Immigration and Nationality Act ("INA") § 336(b), 8 U.S.C. § 1447(b), which provides: "[i]f there is a failure to make a determination under section 335 before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." INA § 336(b), 8 U.S.C. § 1447(b).

3. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) in conjunction with the Administrative Procedure Act ("APA") (5 U.S.C. § 555(b) and the Immigration and Nationality Act ("INA") and regulations implementing it (Title 8 of the C.F.R.).

4. In addition, under 28 U.S.C. § 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. § 1331 because this action arises under 28 U.S.C. § 1361 (mandamus), the APA (5 U.S.C. § 555(b) and 5 U.S.C. § 702, and the INA and regulations implementing it (Title 8 of the C.F.R.).

5. The APA requires the USCIS to carry out its duties within a reasonable time. The provision of the APA that provides this is 5 U.S.C. § 555(b), which states that "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." The USCIS is subject to 5

U.S.C. § 555(b).  Mr. Atwa contends that the delays in processing his petition to remove conditions on residence and his naturalization application are unreasonable.

6. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1361 (mandamus).  Under 28 U.S.C. § 1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

7. Both the regulations and the INA provide numerous examples of duties owed by the USCIS in the application for naturalization process.  8 U.S.C. § 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens."  (Emphasis added).  The Code of Federal Regulations further provides that "[a] decision to grant or deny the application *shall* be made at the time of the initial examination or within 120 days after the date of the initial examination of the applicant for naturalization under § 335.2," and, most importantly, that "[t]he applicant *shall* be notified that the application has been granted or denied and, if the application has been granted, of the procedure to be followed for the administration of the oath of allegiance pursuant to part 337 of this chapter."  8 C.F.R. § 335.3 (emphasis added).  The language of the statute and the regulations is mandatory, not discretionary, and requires the Defendant to adjudicate Plaintiff's application for naturalization.

### III. VENUE

8.  Venue of this action is proper under INA § 336(b), 8 U.S.C. § 1447(b). The Plaintiff resides at 1276 Lexington Avenue Apt 3C, New York, NY 10028, which is within the jurisdiction of this Court.

### IV. PARTIES

9.  Plaintiff is a native and citizen of Egypt. On June 30, 1997, he was granted conditional resident status. In 1999, the Condition was removed and the Plaintiff was granted lawful permanent residence, as of June 30, 1997. On May 27, 2003, the Plaintiff filed Form N-400 Application for Naturalization. On April 20, 2004, he was interviewed on his N-400 application. The USCIS has yet to take action on the application, even though he was interviewed on the application three years ago.

10. Defendant Andrea Quarantillo is sued in her official capacity. She is the New York City District Director of the USCIS. As such, she is the Department of Homeland Security Secretary's designate for the New York City District, charged with the duty of administration and enforcement of all the functions, powers, and duties of the USCIS.

### V. FACTS

11.  Mr. Atwa is a native and citizen of Egypt.

12.  He was born on December 04, 1968, in Egypt.

13.  On July 12, 1996, Mr. Atwa married his wife Kathryn Gettles-Atwa.

14.  On June 30, 1997, legacy Immigration and Naturalization Service ("INS"), now USCIS, conferred conditional resident status upon Mr. Atwa. In 1999, legacy Immigration and Naturalization Service ("INS"), now USCIS, conferred upon Mr. Atwa lawful permanent status

based upon his Petition to Remove the Conditions of Residence, filed jointly with his wife.

15. On May 27, 2003, Mr. Atwa filed Form N-400 Application for Naturalization. On April 20, 2004, he was interviewed on the N-400 application. The USCIS has yet to take action on Mr. Atwa's naturalization application, even though he was interviewed on the application three years ago.

16. The most recent status inquiry (of more than 8 submitted) on Mr. Atwa's N –400 was hand delivered to the Naturalization Unit, addressed to the Supervising Adjudication Officer, Kenya Steinke, and carbon copied to the Adjudications Officer, Robert Conrad, of the Naturalization Unit, on April 02, 2008.   No response was given by the Naturalization Unit.

## VI.  REQUEST FOR RELIEF
### COUNT ONE
(Unreasonable Delay)

17. The allegations contained in paragraphs 1 through 16 above are repeated and re-alleged as though fully set forth herein.

18. Plaintiff has complied with all of the requirements for naturalization.

19. Defendant owes Mr. Atwa a duty to act upon his application for naturalization. Pursuant to INA § 336(b), 8 U.S.C. § 1447(b) and 8 C.F.R. § 335.3(a), Defendant is required to make a decision on such applications within 120 days from the day of an interview. However, Defendant has unreasonably failed to perform that duty.

20. Defendant owes Plaintiff a duty to adjudicate his naturalization application and has unreasonably failed to perform that duty.  This duty is owed under the INA and regulations, as well as the fact that by charging a processing fee for each application the USCIS creates an obligation to adjudicate the application. The duty to render a decision on Mr. Atwa's

naturalization application is a nondiscretionary one. The duty can be compelled by this Court.

21. Defendant's failure to take action on Mr. Atwa's application for naturalization is in violation of the INA and the APA.

22. The delay in adjudicating the application is not attributable to Plaintiff.

23. The delay is unreasonable *per se*.

24. The delay is unreasonable in light of the USCIS' estimated processing times and press releases claiming improved processing times and increased efficiency, which indicate that naturalization applications are processed in less time.

25. The delay is unreasonable in light of the fact that the USCIS has been unable to adequately respond to any of Plaintiff's or his representatives' inquiries on his naturalization application. As a result, his case is in an indefinite administrative limbo.

26. By making numerous inquiries on the status of his applications, Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists to resolve Defendant's delay and refusal to rule on the petition to remove the conditions on his residence and his application for naturalization.

27. Upon information and belief, Mr. Atwa's fingerprints have expired. Without judicial intervention, Mr. Atwa will be in an administrative limbo because the unreasonable delay caused by USCIS in adjudicating Mr. Atwa's naturalization application leads to repeated expiration of Mr. Atwa's fingerprints.

**WHEREFORE**, and in light of the foregoing, Plaintiff prays that the Court:

A. Assume jurisdiction herein;

B. Compel the Defendant and those acting under her to perform their duty to adjudicate the application for naturalization;

C. Grant attorney's fees and costs of court; and

D. Grant such other and further relief, as the Court deems appropriate and just.

Dated: New York, New York
April 18, 2008

Respectfully submitted,

BRETZ & COVEN, LLP
305 Broadway, Suite 100
New York, NY 10007
(212) 267-2555

/s/ Eileen Collins Bretz// (EB 0909)

## VERIFICATION

Eileen Collins Bretz, under penalty of perjury, states that the following:

1. That I am an attorney admitted to practice before this Court. I am employed by Bretz and Coven, LLP, the attorney for the Plaintiff in the foregoing Complaint.

2. I affirm the truth of the contents of the foregoing Complaint upon information and belief. The sources of my information and belief are documents provided to me by, and conversations with the Plaintiff.

Dated: New York, NY
       April 18, 2008

/s/ Eileen Collins Bretz// (EB 0909)